## No. 199.

IN THE MATTER OF THE INTERDICTION OF GEORGE W. RANDOLPH.

1. A person against whom proceedings for interdiction have failed, cannot be held for the fees of surgeons appointed or experts to examine into and report upon his mental condition.
2. It does not affect the case to the detriment of the defendant in the interdiction proceeding, in the matter of his liability for the expert fees, that the commission of surgeons was appointed by the court on defendant's own motion or suggestion.
3. The Act of 1880, commonly designated as the Stamp Act, does not abrogate C P. Arts. 549 and 552, and hence has no application in this controversy.

*Appeal from the Civil District Court.   Houston, J.*

*G. A. Breaux & Hall* for plaintiffs in rule.

*Miller & Finney* for defendants, appellants.

ROGERS, J.—Proceedings for the interdiction of Geo. W. Randolph were instituted. In the course of the investigation it was suggested to the court, on motion of the defendant, by counsel, that a commission of three surgeons and physicians should be appointed to enquire intc, examine and report upon the mental condition of the defendant. These surgeons were thereupon appointed by the court, and acted in accordance with the order of court. The trial of the cause resulted in a judgment in favor of defendant and dismissing the proceedings. The three physicians then applied to the court to have the fees for their services fixed and taxed as costs, and that defendant be ordered to pay such taxed fees. The Judge *a quo* so ordered, and Randolph has appealed.

Art. 397, C. C., provides : " On every petition for interdiction the costs shall be paid out of the estate of the defendant, if he should be interdicted, and by the petitioner, if the interdiction prayed for should not be pronounced." It is difficult to see how any misapprehension can arise upon the application of terms so clear and explicit.

It was perfectly proper for defendant, as a means of defense, to suggest to the court either the propriety or the necessity for a medical expert commission, and the fact that he so moved the court, did not in any manner impair what the provisions of the law had declared as the result of the suit for his interdiction. The court was at liberty, in the exercise of a sound discretion, to determine whether it was necessary or not to appoint the commission suggested, and the action of the court was not the action of the mover, for which he could be held as a contractor for services, but the judicial act of the Judge.

The term " expert " is used in this matter by both appellants and appellees, and we do not consider it necessary to determine here whether the term *is correct or not*; but assuming it to be correct, and that the Act of 1880, referring to costs of court, and requiring stamps to be affixed to all papers filed, would require even such advances as contemplated by the Act, for costs to be

made by a defendant in an interdiction suit, before a Judge, we do not see the application to the present issue.

Arts. 549 and 552, C. P., directly apply to such matters as those in the present record, and in nowise warrant the inference that they have been suspended by the Act of 1880.

The judgment is reversed, in so far as it orders the payment of expert fees due to Doctors Beard, Scott and Smyth, to be paid by the defendant, Geo. W. Randolph, and in so far as it fixes the amount and orders the same to be taxed as costs, it is affirmed, appellees paying costs of appeal